UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

BONNIE COOK,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD, a Liberian
Corporation,

    Defendant.

_____/

ORDER GRANTING IN PART AND DENYING

IN PART DEFENDANT'S MOTION TO STRIKE

PLAINTIFF'S FIFTH SUPPLEMENTAL RULE 26 DISCLOSURE

This cause is before the Court on Defendant's Motion to Strike Plaintiff's Fifth Supplemental Rule 26 Disclosure [ECF No. 135]. In this seven-page motion,[1] the Defendant cruise ship company seeks to exclude an updated expert report, a

---

[1] The Court's Discovery Procedures Order for this consent case [ECF No. 11] limits discovery motions to "no longer than five pages." Defendant did not seek leave of Court to file a motion in excess of five pages, but Plaintiff did not contest the length of Defendant's motion in her response. Because it is arguable that the motion is more akin to a motion in limine, as opposed to a discovery motion filed after expiration of the discovery period, the Court will not strike or deny the motion on the grounds that it exceeds the maximum page limit. Of course, the better practice would have been to seek leave of Court, in an abundance of caution, after first consulting with opposing counsel about his position on the length of the motion.

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

supplemental office visit note from a medical expert and a DVD of Plaintiff being airlifted from the ship on the day following her fall. Defendant contends that these disclosures were untimely and that the evidence should not be permitted at trial because admitting the tardily-disclosed evidence would generate undue prejudice.

Plaintiff does not challenge the fact that she produced these materials after the applicable deadlines. Nevertheless, she argues that the Court should not strike or exclude her supplemental disclosure because she obtained the evidence late and because she had a duty to supplement.[2] She suggests that striking the late-disclosed evidence would be punishing her for following the duty-to-supplement rule.

For the reasons outlined below, the Court **grants** the motion in part, denies the motion in part, and **strikes** the following disclosures from Plaintiff's Fifth Supplemental Rule 26 Disclosure (and **excludes** evidence of these matters from trial): Dr. Lichtblau's supplemental report and Dr. Pettingill's supplemental expert witness report. The DVD

---

[2] Federal Rules of Civil Procedure 26(a)(2) and (e) impose a duty to supplement "in a timely manner" if the earlier disclosure is "incomplete or incorrect" in "some material respect" and "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Concerning experts, the duty to supplement rule (Rule 26(e)(2)) provides that "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

Rule 26(a)(3)(B), in turn, requires the disclosures to be made "at least 30 days before trial," unless the court orders otherwise.

2

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

will *not* be stricken, but if Plaintiff intends to use the DVD at trial, then she shall make herself available for a supplemental deposition concerning the DVD by June 21, 2012.

The mere fact that Plaintiff believes she is or was under a duty to supplement her discovery disclosures does not mean that complying with the duty trumps deadlines in the case and permits trial use of post-deadline disclosures, prejudicial consequences notwithstanding. If that were the rule, deadlines (for example, to furnish documentary evidence, disclose expert witness opinions and provide tangible evidence of any type) would be meaningless and parties could wait until the eleventh hour to make substantively significant disclosures and then avoid exclusion by merely submitting a last-minute disclosure, justified by the duty-to-disclose rule.

Under Plaintiff's apparent theory of the interplay between deadlines and the duty-to-supplement rule, a party could submit an expert witness report from an economist whose damages opinion is $1 million, permit the opposing party to take the expert's deposition, make a last-minute disclosure (under the duty-to-supplement rule) two days before trial that the expert now has three additional damages theories totaling $5.5 million and then be permitted to introduce the new expert opinion at trial because, as Plaintiff says here [ECF No. 138, p. 3], "we were under a duty to timely disclose all these things; and we did."

3

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

I. **Factual Background**

On December 15, 2011, the parties jointly moved [ECF No. 28] to enlarge the time to complete discovery, requesting that the Court extend the discovery period an additional 30 days to April 9, 2012. The Court granted the motion [ECF No. 31].

The case is specially set for a bench trial for June 26, 2012. [ECF No. 94]. On May 24, 2012, a month and a half after expiration of the already-extended discovery cutoff deadline and approximately only a month before the trial, Plaintiff served her Fifth Supplemental Rule 26 Disclosure on defense counsel. This supplement included a June 18, 2012[3] updated expert report from Bernard Pettingill, Plaintiff's consulting economist, a May 17, 2012 "Extended Follow Up Office Visit" note from Dr. Craig Lichtblau and the DVD. [*See* ECF No. 135].

Dr. Pettingill's new report increased his opinion of Plaintiff's total damages from approximately $1.67 million to approximately $2.08 million. The increase is due to the inclusion of updated amounts of past medical bills (which were available to him before the discovery cutoff), a recalculation of the life-expectancy based on what Plaintiff vaguely describes as the "latest government mortality tables (which just became widely accessible on-line)" and a newer discount rate based on what Plaintiff says is "today's

---

[3] Dr. Pettingill apparently thought the trial would be starting on June 18, 2012 and used this date for the update. Obviously, Dr. Pettingill did not prepare the supplement on June 18, 2012, as the supplement was served on May 24, 2012. The supplement does not otherwise indicate when it was prepared, but it surely was on or before May 24, 2012.

4

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

actual, real-world yield on government bonds." In response to the motion to strike, Plaintiff does not contend that the updated past medical bill information was somehow unavailable to Dr. Pettingill before the discovery cutoff. In addition, she does not specify when the latest government mortality tables "just" became available online (which suggests it was before the discovery cutoff), nor does she contend that her expert could not have obtained the latest tables from other sources.

Concerning Dr. Lichtblau's follow-up office visit note from May 17, 2012, Plaintiff does not explain why he could not have examined her a second time and issued a supplemental report before the discovery cutoff.

Plaintiff says that she and her counsel first learned of the DVD's existence after the discovery cutoff, when its originator "gratuitously" mentioned its existence to Plaintiff's counsel's office. Plaintiff further explains that it took approximately two weeks to obtain the video but that she promptly copied it and provided it to the defense upon receipt.

II. **Legal Analysis**

Defendant relies upon Federal Rule of Civil Procedure 26(a)(2)(D)(ii), which governs the timing of expert witness disclosures. To be sure, that rule provides that disclosures must be made at least 90 days before trial, absent a stipulation or a court

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

order. However, Defendant does not discuss Federal Rule of Civil Procedure 26(e), which concerns the issue present here – *supplementing* responses.

If Plaintiff's two experts had issued supplemental reports based on information that was unavailable to them by the time of the discovery cutoff, then Plaintiff would be in a different situation. But the updates provided by Dr. Pettingill and Dr. Lichtblau are based on purported new information which appears to have been available before the discovery cutoff. Although Plaintiff says that the updated medical bills were unavailable when Dr. Pettingill first prepared his report, she does not claim that the information was also unavailable by the time the discovery cutoff expired. And she does not claim that Dr. Lichtblau could not have seen her for a follow-up visit before discovery expired.

Because Defendant has already taken the depositions of these two experts and does not now have the ability to obtain additional experts to rebut the supplemental opinions or to arrange for supplemental opinions from its own witnesses, permitting Plaintiff to use these supplemental expert witness opinions would unduly prejudice Defendant. The Court is not inclined to cause this inequitable result. *See Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (affirming order striking expert's affidavit and noting that "the expert disclosure rule is intended to provide opposing parties

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses") (internal quotation marks omitted).

Although Plaintiff did not give Defendant a copy of the DVD until after the discovery deadline expired, she did not know of or have the DVD before the discovery cutoff. Moreover, Defendant is aware (and has been for some time) that Plaintiff was airlifted from the ship. The DVD is merely digital photographic/video evidence of what Defendant has known for some time. Because Plaintiff produced the DVD at the last minute, the Court concludes that it needs to give Defendant the opportunity to question Plaintiff about these developments in a deposition. Defendant, of course, is free to pursue the opportunity or to ignore it. If Defendant wishes to take another deposition of Plaintiff (limited to questions about her being airlifted from the ship and the circumstances surrounding the DVD), then Plaintiff shall make herself available by June 21, 2012.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 15th day of June, 2012.

_____
Jonathan Goodman
United States Magistrate Judge

**Copies furnished to:**
All counsel of record