UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

BONNIE COOK,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD, a Liberian
Corporation,

    Defendant.

_____  _____/

## ORDER GRANTING IN PART AND DENYING

## IN PART DEFENDANT'S MOTION TO STRIKE

### PLAINTIFF'S FIFTH SUPPLEMENTAL RULE 26 DISCLOSURE

This cause is before the Court on Defendant's Motion to Strike Plaintiff's Fifth

Supplemental Rule 26 Disclosure [ECF No. 135].   In this seven-page motion,[1] the

Defendant cruise ship company seeks to exclude an updated expert report, a

---

[1]    The Court's Discovery Procedures Order for this consent case [ECF No. 11] limits discovery motions to "no longer than five pages."   Defendant did not seek leave of Court to file a motion in excess of five pages, but Plaintiff did not contest the length of Defendant's motion in her response.   Because it is arguable that the motion is more akin to a motion in limine, as opposed to a discovery motion filed after expiration of the discovery period, the Court will not strike or deny the motion on the grounds that it exceeds the maximum page limit.   Of course, the better practice would have been to seek leave of Court, in an abundance of caution, after first consulting with opposing counsel about his position on the length of the motion.

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

supplemental office visit note from a medical expert and a DVD of Plaintiff being
airlifted from the ship on the day following her fall.   Defendant contends that these
disclosures were untimely and that the evidence should not be permitted at trial
because admitting the tardily-disclosed evidence would generate undue prejudice.

Plaintiff does not challenge the fact that she produced these materials after the
applicable deadlines.   Nevertheless, she argues that the Court should not strike or
exclude her supplemental disclosure because she obtained the evidence late and
because she had a duty to supplement.[2]   She suggests that striking the late-disclosed
evidence would be punishing her for following the duty-to-supplement rule.

For the reasons outlined below, the Court **grants** the motion in part, denies the
motion in part, and **strikes** the following disclosures from Plaintiff's Fifth Supplemental
Rule 26 Disclosure (and **excludes** evidence of these matters from trial): Dr. Lichtblau's
supplemental report and Dr. Pettingill's supplemental expert witness report.   The DVD

---

[2]      Federal Rules of Civil Procedure 26(a)(2) and (e) impose a duty to supplement
"in a timely manner" if the earlier disclosure is "incomplete or incorrect" in "some
material respect" and "the additional or corrective information has not otherwise been
made known to the other parties during the discovery process or in writing."
Concerning experts, the duty to supplement rule (Rule 26(e)(2)) provides that "[a]ny
additions or changes to this information must be disclosed by the time the party's
pretrial disclosures under Rule 26(a)(3) are due."

Rule 26(a)(3)(B), in turn, requires the disclosures to be made "at least 30 days
before trial," unless the court orders otherwise.

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

will *not* be stricken, but if Plaintiff intends to use the DVD at trial, then she shall make

herself available for a supplemental deposition concerning the DVD by June 21, 2012.

The mere fact that Plaintiff believes she is or was under a duty to supplement her

discovery disclosures does not mean that complying with the duty trumps deadlines in

the case and permits trial use of post-deadline disclosures, prejudicial consequences

notwithstanding.  If that were the rule, deadlines (for example, to furnish documentary

evidence, disclose expert witness opinions and provide tangible evidence of any type)

would be meaningless and parties could wait until the eleventh hour to make

substantively significant disclosures and then avoid exclusion by merely submitting a

last-minute disclosure, justified by the duty-to-disclose rule.

Under Plaintiff's apparent theory of the interplay between deadlines and the

duty-to-supplement rule, a party could submit an expert witness report from an

economist whose damages opinion is $1 million, permit the opposing party to take the

expert's deposition, make a last-minute disclosure (under the duty-to-supplement rule)

two days before trial that the expert now has three additional damages theories totaling

$5.5 million and then be permitted to introduce the new expert opinion at trial because,

as Plaintiff says here [ECF No. 138, p. 3], "we were under a duty to timely disclose all

these things; and we did."

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

I.      **Factual Background**

On December 15, 2011, the parties jointly moved [ECF No. 28] to enlarge the time

to complete discovery, requesting that the Court extend the discovery period an

additional 30 days to April 9, 2012.  The Court granted the motion [ECF No. 31].

The case is specially set for a bench trial for June 26, 2012.  [ECF No. 94].  On May

24, 2012, a month and a half after expiration of the already-extended discovery cutoff

deadline and approximately only a month before the trial, Plaintiff served her Fifth

Supplemental Rule 26 Disclosure on defense counsel.  This supplement included a June

18, 2012[3] updated expert report from Bernard Pettingill, Plaintiff's consulting

economist, a May 17, 2012 "Extended Follow Up Office Visit" note from Dr. Craig

Lichtblau and the DVD.  [*See* ECF No. 135].

Dr. Pettingill's new report increased his opinion of Plaintiff's total damages from

approximately $1.67 million to approximately $2.08 million.  The increase is due to the

inclusion of updated amounts of past medical bills (which were available to him before

the discovery cutoff), a recalculation of the life-expectancy based on what Plaintiff

vaguely describes as the "latest government mortality tables (which just became widely

accessible on-line)" and a newer discount rate based on what Plaintiff says is "today's

_____

[3]      Dr. Pettingill apparently thought the trial would be starting on June 18, 2012 and
used this date for the update.  Obviously, Dr. Pettingill did not prepare the supplement
on June 18, 2012, as the supplement was served on May 24, 2012.  The supplement does
not otherwise indicate when it was prepared, but it surely was on or before May 24,
2012.

4

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

actual, real-world yield on government bonds."  In response to the motion to strike,

Plaintiff does not contend that the updated past medical bill information was somehow

unavailable to Dr. Pettingill before the discovery cutoff.  In addition, she does not

specify when the latest government mortality tables "just" became available online

(which suggests it was before the discovery cutoff), nor does she contend that her

expert could not have obtained the latest tables from other sources.

Concerning Dr. Lichtblau's follow-up office visit note from May 17, 2012,

Plaintiff does not explain why he could not have examined her a second time and

issued a supplemental report before the discovery cutoff.

Plaintiff says that she and her counsel first learned of the DVD's existence after

the discovery cutoff, when its originator "gratuitously" mentioned its existence to

Plaintiff's counsel's office.  Plaintiff further explains that it took approximately two

weeks to obtain the video but that she promptly copied it and provided it to the defense

upon receipt.

II.     **Legal Analysis**

Defendant relies upon Federal Rule of Civil Procedure 26(a)(2)(D)(ii), which

governs the timing of expert witness disclosures.  To be sure, that rule provides that

disclosures must be made at least 90 days before trial, absent a stipulation or a court

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

order.   However, Defendant does not discuss Federal Rule of Civil Procedure 26(e),

which concerns the issue present here – *supplementing* responses.

If Plaintiff's two experts had issued supplemental reports based on information

that was unavailable to them by the time of the discovery cutoff, then Plaintiff would be

in a different situation.   But the updates provided by Dr. Pettingill and Dr. Lichtblau are

based on purported new information which appears to have been available before the

discovery cutoff.    Although Plaintiff says that the updated medical bills were

unavailable when Dr. Pettingill first prepared his report, she does not claim that the

information was also unavailable by the time the discovery cutoff expired.   And she

does not claim that Dr. Lichtblau could not have seen her for a follow-up visit before

discovery expired.

Because Defendant has already taken the depositions of these two experts and

does not now have the ability to obtain additional experts to rebut the supplemental

opinions or to arrange for supplemental opinions from its own witnesses, permitting

Plaintiff to use these supplemental expert witness opinions would unduly prejudice

Defendant.   The Court is not inclined to cause this inequitable result.   *See Reese v.*

*Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (affirming order striking expert's affidavit

and noting that "the expert disclosure rule is intended to provide opposing parties

Case No. 11-20723-CIV-GOODMAN

[CONSENT CASE]

reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses") (internal quotation marks omitted).

Although Plaintiff did not give Defendant a copy of the DVD until after the discovery deadline expired, she did not know of or have the DVD before the discovery cutoff.  Moreover, Defendant is aware (and has been for some time) that Plaintiff was airlifted from the ship.  The DVD is merely digital photographic/video evidence of what Defendant has known for some time.  Because Plaintiff produced the DVD at the last minute, the Court concludes that it needs to give Defendant the opportunity to question Plaintiff about these developments in a deposition.  Defendant, of course, is free to pursue the opportunity or to ignore it.  If Defendant wishes to take another deposition of Plaintiff (limited to questions about her being airlifted from the ship and the circumstances surrounding the DVD), then Plaintiff shall make herself available by June 21, 2012.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 15th day of June, 2012.

_____

Jonathan Goodman
United States Magistrate Judge

**Copies furnished to:**
All counsel of record

7